# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

KRISTEN SYKES,                          )
                                        )
      **Plaintiff,**                    )
                                        )
**vs.**                                 )
                                        )
MASSACHUSETTS MUTUAL LIFE               )
INSURANCE COMPANY,                      )
                                        )
      **Defendant.**                   )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Massachusetts Mutual Life

Insurance Company ("MassMutual") hereby gives notice of the removal of the above-styled case

from the Chancery Court of Knox County, Tennessee, where it is now pending as Case Number

190744-3, to the United States District Court for the Eastern District of Tennessee, Knoxville

Division.  As grounds for removal, MassMutual states as follows:

## ALLEGATIONS OF THE COMPLAINT

1.      On or about December 9, 2015, Plaintiff filed a Complaint in the Chancery Court

of Knox County, Tennessee, in the civil action styled *Kristen Sykes v. Massachusetts Mutual Life*

*Insurance Company.*, No. 190744-3.

2.      Plaintiff's Complaint asserts state law claims for fraud, fraudulent concealment,

conversion, breach of contract, breach of fiduciary duty, and negligence arising out of the

disbursement of funds held in an Individual Retirement Account ("IRA") owned by Timothy

Sykes, Plaintiff's ex-husband, and maintained by Mass Mutual.  (*See generally* Compl.).

Plaintiff maintains that the funds were wrongfully withdrawn by Mr. Sykes, and she seeks to

recover compensatory damages and punitive damages from MassMutual.  (*Id.*)

## REMOVAL PROCEDURES

3.      In accordance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings and orders" received by Defendant is attached hereto as **"Exhibit A."**

4.      MassMutual was served with the Summons and Complaint on December 14, 2015.  Therefore, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

5.      Jurisdiction of this action is based upon 28 U.S.C. §§ 1332, 1441, and 1446, as amended.  This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court has original jurisdiction.  This Court has original jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, and pursuant to 28 U.S.C. § 1441(b), because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Pursuant to 28 U.S.C. § 1441(a), this case is properly removable to this Court, which is the United States District Court for the district and division embracing Knox County, Tennessee, where the state court action is pending.  *See* 28 U.S.C. § 123(a)(1).

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff on this date, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Chancery Court of Knox County, Tennessee.

## DIVERSITY OF CITIZENSHIP

8.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 and §1446 because the parties are diverse and the amount in controversy exceeds $75,000.

9.      Upon information and belief, Plaintiff is a resident and citizen of Knox County, Tennessee.  (*See* Compl. ¶ 1).

10.     MassMutual is a Delaware corporation with its principal place of business in Springfield, Massachusetts.  Pursuant to 28 U.S.C. § 1332(c)(1), MassMutual is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Tennessee within the meaning of the Acts of Congress relating to the removal of cases.

11.     Consequently, based on the face of the Complaint, there is complete diversity of citizenship between Plaintiff and Defendant.

Amount in Controversy

12.     For a federal court to have subject matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  A defendant desiring to remove a case has the burden of satisfying the amount-in-controversy requirement by a preponderance of the evidence.  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155, 158 (6th Cir. 1993).

13.     Defendant denies the allegations of Plaintiff's Complaint and denies that they are liable for any damages.  Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy."  *See* 28 U.S.C. § 1332.  The Sixth Circuit has held that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *Gafford*, 997 F.2d at 156; *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009).

14.     Here, Plaintiff repeatedly pleads in the Complaint that "[she] has been damages in an amount not less than $360,000.00 in compensatory damages, including but not limited to, loss

of profit, loss of money, lost time, and the full value and use of the funds belonging to her in the account . . . ." (Compl. ¶¶ 51, 55, 60, 67. 73, and 77). Moreover, in addition to compensatory damages, Plaintiff seeks $1,200,000 in punitive damages. (Compl. ¶ 81); *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015) ("In calculating the amount in controversy for diversity jurisdiction, courts can consider punitive damages . . . .").

15.     Accordingly, based upon the allegations of Plaintiff's Complaint, it is facially apparent that the amount in controversy far exceeds the $75,000 jurisdictional threshold.

16.     If any question arises as to the propriety of the removal of this action, MassMutual respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed.

## CONCLUSION

For the reasons set forth above, Defendant Massachusetts Mutual Life Insurance Company respectfully requests that this action be, and is hereby, removed to this Court; that this Court assume jurisdiction of this action; and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated:  January 13, 2016

Respectfully Submitted By:

*/s/ J. Leland Murphee*
J. Leland Murphee
Jeffrey M. Grantham *(Pro Hac Vice Pending)*
John David Collins *(Pro Hac Vice Pending)*
Janine McKinnon McAdory *(Pro Hac Vice Pending)*

**OF COUNSEL**:
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618

Telephone: (205) 254-1000
Facsimile: (205) 254-1999
lmurphee@maynardcooper.com
jgrantham@maynardcooper.com
jcollins@maynardcooper.com
jmcadory@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2016, a copy of the above and foregoing was filed with the United States District Court for the Eastern District of Tennessee using the CM/ECF and further served by Federal Express Overnight Delivery upon the following:

C. Scott Taylor
Nathaniel H. Evans
BERNSTEIN, STAIR & MCADAMS LLP
116 Agnes Road
Knoxville, Tennessee  37919
Phone: 865-546-8030

*/s/ J. Leland Murphee*
OF COUNSEL